Courtney L. Baird (SBN 234410)
Deanna J. Lucci (SBN 323276)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  619 744 2200
Facsimile:   619 393 0884
E-mail:        CLBaird@duanemorris.com
                   DJLucci@duanemorris.com

C. Sean Patterson (SBN 234565)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone:  415 957 3000
Facsimile:   415 957 3001
E-mail:        CSPatterson@duanemorris.com

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MATT BONFIGLIO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  25CU005387C<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge:     Honorable Judy S. Bae<br>Dept.:      62<br><br>Complaint Filed:    January 30, 2025 |

Defendant Uber Technologies, Inc. ("Uber") hereby submits the following Answer to the Complaint filed by Plaintiff Matt Bonfiglio ("Plaintiff") and asserts its affirmative defenses as follows:

1

## I.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Uber denies generally and specifically each and every allegation contained in Plaintiff's Complaint, and the whole thereof, and further denies that Plaintiff or the putative class have been damaged in the sum or manner alleged, or in any other sum or manner at all, by reason of any act or omission on the part of any defendant.

## II.

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Uber pleads the following separate and additional affirmative defenses to the Complaint. The following affirmative defenses are alleged on information and belief and, except as expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein. Uber reserves the right to amend or withdraw any or all defenses or to raise any and all additional defenses as or after they become known during or after the course of investigation, discovery, or trial.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint is barred to the extent the Complaint and each and every claim for relief therein fails to state a claim upon which relief can be granted against Uber.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each and every cause of action therein, is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff, by his actions and conduct, is barred from recovery against Uber under the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver/Consent/Estoppel)**

Plaintiff, by his actions and conduct, has consented to all actions and conduct alleged in the Complaint and has waived any and all claims, rights and/or demands that he may have and upon which the Complaint or claims for relief therein is based. Plaintiff is also estopped from asserting the claims made by him in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff is barred from any recovery against Uber by reason of Plaintiff's failure to mitigate his damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

Uber asserts that none of the acts, conduct, and/or omissions alleged as attributed to Uber may be regarded as the actual or proximate cause of any damages Plaintiff seeks to recover.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing or Status as Real Party in Interest)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not the real party in interest and therefore lacks standing to sue.

**NINTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Plaintiff's claims are barred in whole or in part because Plaintiff sues over the conduct of unidentified third parties.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Join)**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to join an

indispensable party or parties to this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege/Statutory Authority)

Uber's actions were authorized by the applicable law and/or the applicable authorizing entities and thus are not unlawful.

## TWELFTH AFFIRMATIVE DEFENSE

### (Undue Burden/Hardship)

Uber asserts that Plaintiff's requested accommodations or modifications would impose an undue burden on Uber.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

Uber asserts that Plaintiff's requested accommodations or modifications would fundamentally alter the nature of the services or accommodations provided by Uber.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

Uber asserts that any and all injuries, if any, and damages, if any, sustained or suffered by Plaintiff were proximately caused or contributed to by the acts or omissions of other persons or entities. Said acts or omissions were an intervening and/or superseding cause of the injuries, if any, thus barring Plaintiff from any recovery against Uber.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Nexus)

Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to meet the burden of demonstrating a nexus between Uber's alleged conduct and any impact on Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claims Subject to Arbitration)

The claims of Plaintiff and all putative class members are subject to binding individual arbitration pursuant to duly executed agreements to arbitrate.

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unlawful")**

Plaintiff's claims are barred, in whole or in part, because Uber's alleged conduct was at all times complained of in the Complaint reasonable, lawful, and in good faith.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unidentified Plaintiffs)**

Plaintiff's claims are barred, in whole or in part, by the due process provisions of the United States and California Constitutions as Plaintiff seeks a judgment in favor of unidentified individuals who are not parties to this action.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Set-Off/Offset/Recoupment)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off, offset, and/or recoupment on the part of Uber.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Authorization/Ratification/Fraud/Malice)**

Plaintiff's claims for damages are barred because the acts, conduct or statements contained in the Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Uber.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Damages are Speculative)**

Plaintiffs' claims for damages are precluded to the extent that such damages are speculative.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Costs & Fees Not Supported)**

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff has failed to state facts sufficient to entitle Plaintiff to costs of suit incurred herein and/or an award of attorneys' fees.

/ / /

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Uber asserts that its discovery and investigation in this matter are ongoing. Accordingly, Uber expressly reserves the right to modify or supplement its affirmative defenses as appropriate. Uber's assertion of any affirmative defense shall not be construed as a concession as to whether or not they bear the burden of proof on any particular issue.

## III.

## PRAYER

WHEREFORE, Defendant Uber Technologies, Inc. prays for judgment as follows:

1. That Plaintiff's Complaint and all claims therein be dismissed with prejudice;
2. That Plaintiff take nothing by virtue of this action;
3. For costs of suit incurred herein;
4. For an order of this Court denying all relief sought by Plaintiff herein; and
5. For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: March 12, 2025

**DUANE MORRIS LLP**

By: _____
Courtney L. Baird
Deanna J. Lucci
C. Sean Patterson
Attorneys for Defendant
UBER TECHNOLOGIES, INC.

|   |   |
|---|---|
| 1 | Courtney L. Baird (SBN 234410) |
|   | Deanna J. Lucci (SBN 323276) |
| 2 | **DUANE MORRIS LLP** |
|   | 750 B Street, Suite 2900 |
| 3 | San Diego, CA 92101-4681 |
|   | Telephone:  619 744 2200 |
| 4 | Facsimile:   619 393 0884 |
|   | E-mail:       CLBaird@duanemorris.com |
| 5 |                      DJLucci@duanemorris.com |
| 6 | C. Sean Patterson (SBN 234565) |
|   | **DUANE MORRIS LLP** |
| 7 | Spear Tower |
|   | One Market Plaza, Suite 2200 |
| 8 | San Francisco, CA 94105 |
|   | Telephone:  415 957 3000 |
| 9 | Facsimile:   415 957 3001 |
|   | E-mail:       CSPatterson@duanemorris.com |
| 10 |  |
|   | Attorneys for Defendant |
| 11 | UBER TECHNOLOGIES, INC. |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MATT BONFIGLIO, as an individual and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No.  25CU005387C<br><br>**PROOF OF SERVICE** |

   I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is **750 B Street, Suite 2900, San Diego, CA 92101.**

   On **March 12, 2025,** I served the documents described as:

**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

on all counsel listed below by the following means:

| | |
|---|---|
| Max. W. Gavron, Esq.<br>Simon L. Yang, Esq.<br>DIVERSITY LAW GROUP, P.C.<br>515 South Figueroa St., Suite 1250<br>Los Angeles, CA 90071<br>Tel:  (213) 488-6555<br>Fax:  (213)488-6554<br>Email: mgavron@diversitylaw.com<br>          sly@diversitylaw.com | Attorneys for Plaintiff |

☒ **(BY ELECTRONIC SERVICE)**  On **March 12, 2025**, at **San Diego, California**, I attached a true and correct copy of the above-entitled document(s) to the Court's One Legal electronic service system and thereby served via electronic service all those listed by the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 12, 2025,** at San Diego, California.

*Anita Villanueva*
Anita Villanueva

1

PROOF OF SERVICE

DM1\16338591.1