DIVERSITY LAW GROUP, P.C.
Max. W. Gavron, Esq. (SBN 291697)
mgavron@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

Attorneys for Plaintiff

Courtney L. Baird (SBN 234410)
Deanna J. Lucci (SBN 323276)
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  619 744 2200
Facsimile:   619 393 0884
E-mail:         CLBaird@duanemorris.com
                   DJLucci@duanemorris.com

C. Sean Patterson (SBN 234565)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone:  415 957 3000
Facsimile:   415 957 3001
E-mail:         CSPatterson@duanemorris.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT BONFIGLIO, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 3:25-cv-00592-AJB-MSB<br><br>[Assigned to Hon. Anthony J. Battaglia]<br><br>**JOINT MOTION TO CONTINUE ENE OR, IN THE ALTERNATIVE, PERMIT REMOTE APPEARANCES**<br><br>Complaint Filed:　　　January 30, 2025 |

      Pursuant to Local Rule 7.2 and the Court's March 13, 2025 Notice and Order for Early Neutral Evaluation, Plaintiff, Matt Bonfiglio, and Defendant, Uber Technologies, Inc., through their counsel of record hereby jointly and respectfully move to (i) continue the May 1, 2025 early neutral evaluation conference ("ENE") and (ii) permit remote appearances at the ENE.

## I.    Summary of Parties' Efforts Towards Resolution

      On January 30, 2025, Plaintiff initiated this lawsuit in San Diego Superior Court.

      On February 27, 2025, and various dates thereafter, the Parties began meeting and conferring both about the alleged claims and Defendant's alleged defenses, including those raised by an agreement to arbitrate the alleged claims.

      On March 4, 2025, Defendant produced various documents on an informal basis.

      On March 5, 2025, Plaintiff requested additional information about certain complaints that Plaintiff made to Defendant.

      On March 10, 2025, the Parties met and conferred and came to an informal agreement to avail themselves of the Court's ENE program upon removal.

      On March 12, 2025, Defendant removed the matter to this Court.

      On March 13, 2025, the Court issued an order scheduling the ENE for May 1, 2025.

      On April 3, 2025, the Parties continued to explore the possibility of a resolution and agreed to dismiss class allegations and claims against Defendant, to limit the scope of claims to be resolved to Plaintiff's individual claims, and to arbitrate Plaintiff's individual claims, if the claims were not resolved at the ENE.

      On April 17, 2025, the Parties continued exploring the possibility of an individual resolution through direct negotiations, and Defendant communicated an initial settlement offer to Plaintiff. The Parties agreed to submit a joint motion to permit remote appearances at the ENE.

      On April 21, 2025, Plaintiff again requested additional information about certain

complaints that Plaintiff made to Defendant. The Parties agreed to submit a joint motion to continue the ENE.

## II. The Joint Motion to Continue the ENE

The Parties jointly and respectfully request that the Court continue the ENE to permit the Parties to continue informal discovery and direct negotiations. The Parties have already been able to come to agreements on the removability of the matter, the viability of class allegations and claims, and the enforceability of an alleged agreement to arbitrate individual claims. As the Parties are focused on an individual resolution, Defendant has already communicated a settlement offer, and Plaintiff has already requested specific information that would permit him to counter with a settlement demand. The Parties, however, respectfully request additional time to continue informal discovery and direct negotiations. Absent additional time to complete the informal discovery, the Parties are likely to be divided at the ENE about the need for and possibility of potential injunctive relief.

Even before Defendant removed the matter to this Court, the Parties met and conferred and agreed that the Court's ENE program presented a unique opportunity to resolve the matter. The Parties would like to maximize the opportunity to resolve the matter at the ENE and jointly submit that a 45-day continuance of the ENE would significantly enhance the prospect of resolving the matter at the ENE.

## III. The Joint Motion to Permit Remote Appearances at the ENE

The Parties also jointly request that the Court permit remote appearances at the ENE in the event either the ENE goes forward on May 1, 2025 or pursuant to the requested continuance. Plaintiff recently welcomed his first child into his family and respectfully requests that he be permitted to attend the ENE via remote means. Plaintiff's counsel also has a previously scheduled commitment on May 1, 2025 at 1:00 p.m. in the Los Angeles area that would be difficult to attend, given commute times.

1  Plaintiff has met and conferred with Defendant, who does not oppose the request
2  for remote appearance. Moreover, based on Defendant's willingness to work with
3  Plaintiff in this matter, Plaintiff also does not believe that the ENE would be hindered in
4  any way by permitting Defendant and its counsel to appear remotely.

5  DATED: April 23, 2025         DIVERSITY LAW GROUP, P.C.

          By:  */s/ Simon L. Yang*
               Max. W. Gavron
               Simon L. Yang
               Attorneys for Plaintiff

9  DATED: April 23, 2025         DUANE MORRIS LLP

          By:  */s/ Courtney L. Baird*
               C. Sean Patterson
               Courtney L. Baird
               Attorneys for Defendant